08-6197-ag
Salim v. Holder

BIA
A 096 253 746

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

DEDY SALIM, a.k.a. LIM YUNG WEI,

> *Petitioner*,

> v.

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

08-6197-ag
NAC

FOR PETITIONER:           Norman Kwai Wing Wong, New York, N.Y.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:            Tony West, Assistant Attorney
                          General, Civil Division; Linda S.
                          Wernery, Assistant Director; Lindsay
                          B. Glauner, Trial Attorney, Office
                          of Immigration Litigation, Civil
                          Division, United States Department
                          of Justice, Washington, DC


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Dedy Salim, a native and citizen of Indonesia, seeks review of a December 3, 2008, order of the BIA denying his motion to reopen his removal proceedings. *In re Dedy Salim, a.k.a. Lim Yung Wei*, No. A 096 253 746 (B.I.A. Dec. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Salim's motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)("We review the denial of motions to reopen immigration proceedings for abuse of discretion."). "A motion to reopen proceedings . . . shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Here, however, although Salim

2

presented evidence that he had converted to Christianity, he presented no evidence in support of his claim that he would be persecuted in Indonesia due to his Christian Faith. This omission alone was a sufficient basis for the BIA to deny his motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104-05 (1988)(noting that the BIA may deny a motion to reopen where "the movant has not established a prima facie case for the underlying substantive relief sought" and where "the movant has not introduced previously unavailable, material evidence"); *Song Jin Wu v. INS*, 436 F.3d 157, 164 (2d Cir. 2007) (upholding BIA's finding that petitioner failed to establish his *prima facie* eligibility for relief because he offered "no evidence" to support his claim that he would be tortured if returned to China).

Furthermore, under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief." The BIA relied on that regulation in denying Salim's motion to reopen, noting that he failed to submit an asylum application setting forth his new claim. Salim contends that his failure to submit the appropriate application is not a ground to deny him relief.

3

However, that argument runs counter to the plain language of the regulation, requiring that a motion to reopen "must" be accompanied by the appropriate application. 8 C.F.R. § 1003.2(c)(1); *see Waggoner v. Gonzales*, 488 F.3d 632, 639 (5th Cir. 2007) (holding that "[i]n the absence of this application, the BIA did not abuse its discretion" in denying petitioner's motion to reopen and remand).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4